IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TEZ BEN EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 5:22-CV-258 (MTT) |
| | ) |
| DEPARTMENT OF FAMILY AND | ) |
| CHILDREN SERVCIES DCSS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Tez Ben El moves for leave to proceed *in forma pauperis* ("IFP") in this action. Doc. 2. As discussed below, El's financial affidavit lacks any information regarding his finances. Therefore, the financial affidavit cannot establish whether or not El is able to pay the costs and fees associated with his lawsuit. Accordingly, El is **ORDERED** to resubmit his financial affidavit **within 14 days** with actual information regarding his financial state.

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners*, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

To show poverty, the plaintiff need not show that he is "absolutely destitute." *Id.* Instead, the affidavit must demonstrate that the plaintiff, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* However, this statute "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack*, 2014 WL 3845777, at *1 (citation omitted). The district court is given wide discretion to decide IFP cases and should "grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

In this case, El's financial affidavit reveals no information about his financial state. *See generally* Doc. 2. El lists no forms of income, no employment, no assets, no debts, and no monthly expenses—for each of these categories, El entered a zero in the respective answer boxes. *Id*. Even giving El the benefit of the doubt that he entirely lacks income and assets, it is implausible that he has no monthly expenses related to basic necessities, such as food, clothing, or shelter. Additionally, if El is uniquely positioned such that he has no financial activities whatsoever each month, he should explain his financial circumstances in his affidavit, as Question 11 asks for "any other information that will help explain why [he] cannot pay the costs of these proceedings."[2] *Id.*

---

[2] The Court notes that this is not El's first difficulty with IFP financial affidavits. In previous actions in this Court, El has foregone either submitting a motion to proceed IFP or paying the filing fee, filed improper forms while attempting to move to proceed IFP, and provided no financial information in other motions to proceed IFP. *See* Case Nos. 5:18-cv-265; 5:19-cv-478; 5:19-cv-504; 5:20-cv-23.

-3-

Accordingly, having read and considered El's financial affidavit, the Court **ORDERS** El to resubmit his financial affidavit with information regarding his finances **within 14 days** so his motion to proceed IFP can properly be assessed.

**SO ORDERED**, this 3rd day of August, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT