**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TEZ BEN EL,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:22-cv-258 (MTT)** |
| | ) | |
| **DEPARTMENT OF FAMILY AND** | ) | |
| **CHILDREN SERVICES,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

Defendant Department of Family and Children Services ("DFCS")[1] moves to dismiss El's complaint for lack of jurisdiction and failure to state a claim. Doc. 16. For the stated reasons, defendant's motion (Doc. 16) is **GRANTED**.

El's complaint is difficult to parse. It appears that he is alleging a claim under the Fair Debt Collection Practice Act ("FDCPA") based on the defendant's child support collection efforts. Doc. 1. The complaint is titled "affidavit of fact writ in the nature of discovery of fraud on DCSS child support case … pursuant to the [FDCPA]." *Id*. at 1. And El attaches to his complaint an "Order for Child Support" from the Superior Court of Houston County and a "Notice of Intent to Deny or Suspend Your Driver's License" for failure to pay child support. Docs. 1-1; 1-3. El requests that the Court find the

---

[1] El refers to DFCS and Division of Child Support Services ("DCSS") interchangeably in his pleadings. *See* Doc. 1. Both are divisions of the Georgia Department of Human Services. *See* Division of Child Support Services, https://childsupport.georgia.gov/about-us (last visited February 23, 2023); Division of Family & Children Services, https://dfcs.georgia.gov/about-us (last visited February 23, 2023).

defendant guilty of fraud, pay the costs of this action, dismiss the underlying child support case, and terminate his child support account.  Doc. 1 at 4.  El's response to the defendant's motion to dismiss, which requests that the defendant provide "lawful proof" of its claim for child support or face damages in excess of one million dollars, provides limited additional insight.  Doc. 18.  El's complaint is subject to dismissal because the defendant is entitled to Eleventh Amendment immunity, El's claims are barred by the Rooker-Feldman doctrine, and El fails to state a claim under the FDCPA.

First, the defendant is entitled to Eleventh Amendment immunity.  "Eleventh Amendment immunity bars suits by private individuals in federal court against a state unless the state has consented to be sued or has waived its immunity or Congress has abrogated the states' immunity."  *Nichols v. Ala. State Bar*, 815 F.3d 726, 731 (11th Cir. 2016).  The defendant is an arm of the State of Georgia.  *See McCall v. Dep't of Hum. Res.*, 176 F. Supp. 2d 1355, 1361-62 (M.D. Ga. 2001); *Harmon v. Crittenden*, 2017 WL 5473749, at *3 (N.D. Ga. Mar. 30, 2017) ("[T]he Division of Child Support Services is within the Georgia Department of Human Services.  The Georgia Department of Human Services is an arm of the State of Georgia and protected by immunity.").  El does not contend that the defendant has waived its Eleventh Amendment immunity and the caselaw does not support such a contention.  *See, e.g.*, *Harmon*, 2017 WL 5473749, at *3; *Kareem of Fam. Hodge v. Texas Off. of Att'y Gen.*, 2018 WL 10733618, at *2 (N.D. Ga. Dec. 4, 2018); *Tucker v. Fla. Dep't of Revenue*, 2021 WL 5923064, at *6 (M.D. Fla. Nov. 3, 2021), *report and recommendation adopted,* 2021 WL 5505441 (M.D. Fla. Nov. 24, 2021).  Furthermore, El has not identified any federal law that could serve as the basis for abrogating the defendant's immunity.  *Cassady v. Hall*, 892 F.3d 1150, 1153

(11th Cir. 2018).  In fact, federal law has long held that domestic relations law is the domain of the states.  *See Simms v. Simms*, 175 U.S. 162, 167 (1899).  Accordingly, the defendant is entitled to Eleventh Amendment immunity.

Second, El's claim is barred under the Rooker-Feldman doctrine.  "The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts."  *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)).  "The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment."  *Id*.  El requests that the Court find the defendant guilty of fraud, pay the costs of this action, dismiss the underlying child support case, and terminate his child support account.  Doc. 1 at 4.  Therefore, El "essentially has admitted that success in this case requires a reversal of the state court's [child support] decision," which is barred by the Rooker-Feldman doctrine.  *Brown v. Coffin*, 766 F. App'x 929, 931 (11th Cir. 2019).

Third, El's complaint is subject to dismissal for failure to state a claim.  To avoid dismissal pursuant to Rule12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011)

(internal quotation marks and citations omitted).  But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up).  Furthermore, because El is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (internal quotation marks and citations omitted).  However, "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading."  *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

El fails to state a claim under the FDCPA because there is no debt as defined by the FDCPA.  The FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which … the subject of the transaction are primarily for personal, family, or household purposes."  15 U.S.C. § 1692a(5).  Thus, debt under the FDCPA is limited to consumer transactions. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998).  An obligation for child support is not a consumer transaction and child support payments are not "debts" under the FDCPA.  *See, e.g., id.* ("[A] 'transaction' under the FDCPA must involve some kind of business dealing or other consensual obligation."); *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir. 1994) (holding that child support payments are not "debts" encompassed within the scope of the FDCPA).  Thus, El fails to state a claim under the FDCPA.

For the stated reasons, defendant's motion (Docs. 16) is **GRANTED** and El's complaint (Doc. 1) is **DISMISSED**.

**SO ORDERED**, this 1st day of March, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
